UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-60709-CIV-JORDAN

| | |
|---|---|
| THOMAS A. WARMUS | ) |
| Appellant | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES S. FELTMAN | ) |
| | ) |
| Appellee | ) |
| | ) |

**ORDER DISMISSING BANKRUPTCY APPEAL AND CLOSING CASE**

For the reasons which follow, Thomas Warmus' appeal is dismissed, and this case is closed.

This is a bankruptcy appeal by Mr. Warmus, a federal prisoner convicted of criminal bankruptcy offenses arising from this very bankruptcy case, *see United States v. Warmus,* 91 Fed. Appx. 654 (11th Cir. 2004), from the bankruptcy court's April 23, 2008, order. That order (1) established a professional claims bar date (45 days from the date of the order) for the assertion of claims against the trustee and his professionals by any parties, including Mr. Warmus, and (2) allowed the trustee to establish a reserve from funds on hand for defense costs that might be incurred with respect to claims filed after the bar date and in violation of the bankruptcy court's order. In its order, the bankruptcy court noted that Mr. Warmus had filed over 40 bankruptcy appeals in the Southern District – some of which were described by the district court as incoherent, unintelligible, rambling, frivolous, and vexatious – and that he had a long history of ignoring court orders (e.g., by filing repetitive memoranda and pleadings).

Mr. Warmus' bankruptcy appeal was entered on the district court docket on May 12, 2008. Pursuant to Bankruptcy Rule 8009(a)(1), Mr. Warmus' initial brief was due no later than May 28, 2008. I therefore issued an order advising Mr. Warmus that if his brief was not filed by that date, I would dismiss the appeal pursuant to *In re Beverly Mfg. Corp.*, 778 F.2d 666 (11th Cir. 1985).

Despite this order, Mr. Warmus did not file his initial brief. Instead, on May 27, 2008, he filed a document entitled "Notice of Appeal of Bankruptcy Court Dismissing Appeal for Failure to Pay Filing Fee Dated 5/02/08, and Sworn Declaration of Late Mailing and/or Delivery to Preclude

Filing Within 10 Days . . . " [D.E. 4].  That document included a summary of numerous issues that Mr. Warmus says are involved in this appeal, but is not a brief of any kind.  There are no facts, arguments, or authorities in the document.

Then, on June 6, 2008, Mr. Warmus filed a "Motion to Accept Concurrent Motion for Extension for Reasons Presented and Motion for Clarification . . . " [D.E. 5].  In that document, Mr. Warmus referred to exhibits which were not attached to the document.  Nevertheless, it appeared that Mr. Warmus was seeking clarification as to whether the order I had previously entered requiring him to file his brief was directed at his appeal of the order docketed as # 2128 in the bankruptcy court (an order granting a motion to approve certain distributions to holders of allowed unsecured claims).  In an subsequent order entered on June 24, 2008 [D.E. 7], I advised Mr. Warmus that my prior order did not relate to # 2128 in the bankruptcy court docket, but rather to # 2138 (the order establishing a claims bar date and allowing the trustee to establish a reserve) – the only bankruptcy appeal by him which was then pending in the Southern District of Florida.

In that same order [D.E. 7], and in an abundance of caution, I construed Mr. Warmus' June 6 filing as a request for an extension of time to file his initial brief in this case, and granted that request.  I gave Mr. Warmus until July 11, 2008, to file his initial brief, and told Mr. Warmus that in his brief he had to address the conclusion of the bankruptcy court and the argument of the trustee that he lacked standing to challenge the order in question.  I also warned Mr. Warmus that no further extensions of time would be granted, and advised him that if his brief was not filed by July 11, I would dismiss his appeal.

Mr. Warmus did not file a brief by July 11.  Instead, on July 10, 2008, Mr. Warmus filed a document entitled "Motion for Court and/or Clerk to Provide Status of Case . . . and Subsequent Additional Events Wherein Different Appeal Assigned to Judge Jordan" [D.E. 8].  In that document, Mr. Warmus details his various other filings in this appeal, and describes some of the exhibits he says he attached to some of those filings.  Mr. Warmus does not, however, make any arguments as to why he has standing, or why the bankruptcy court erred in setting a professional claims bar date, or why the bankruptcy court erred in allowing the trustee to establish a reserve. In other words, more than two months after his bankruptcy appeal was docketed, Mr. Warmus has yet to file a brief (or

2

anything resembling a brief) laying out the pertinent facts or legal authorities supporting his arguments and/or challenges to the order being appealed.

The Eleventh Circuit has held that district courts should not dismiss bankruptcy appeals simply because briefs have not been timely filed. Instead, bankruptcy appeals should only be dismissed where the failure to file a brief is due to "bad faith, negligence, or indifference." *In re Beverly,* 778 F.2d at 667. That standard is easily met here. First, Mr. Warmus has had over two months to file his initial brief, but still has not done so, and has offered no explanation for his failure. Second, Mr. Warmus – although proceeding pro se – is not a stranger to bankruptcy appeals, or their filing requirements, as he has filed over 40 such appeals in the Southern District of Florida. Third, Mr. Warmus has been ordered twice in writing to file an initial brief, and has been warned twice in writing that the appeal would be dismissed pursuant to *In re Beverly* if the brief was not filed. Mr. Warmus therefore cannot claim that he has not been given adequate notice. Fourth, even though the trustee filed a response brief in an abundance of caution, Mr. Warmus has done nothing to respond to, or address, any of the arguments made by the trustee. Finally, Mr. Warmus has a history of frivolous litigation, including meritless appeals. *See, e.g., Warmus v. Ray,* No. 04-60730-Civ-Dimitrouleas, Final Judgment and Order Affirming Bankruptcy Court [D.E. 3] (June 23, 2004) (summarizing some of Mr. Warmus' frivolous and vexatious litigation).

On this record, I find that Mr. Warmus is, at the very least, negligent and/or indifferent as to his responsibility to file an initial brief. As a result, the appeal is dismissed due to Mr. Warmus' failure to file an initial brief. This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 15th day of July, 2008.

_____
Adalberto Jordan
United States District Judge

Copies to:   All counsel of record
             Thomas A. Warmus
             Reg. No. 62279-004
             Federal Correctional Complex
             P. O. Box 33
             Terre Haute, IN 47808-0033